Manuel **VELAZQUEZ ARROYO**, et al. Plaintiffs,

v.

**MCS LIFE INSURANCE COMPANY,** Defendant.

No. 05–1922(JP).

United States District Court, D. Puerto Rico.

March 6, 2006.

Therefore, Plaintiff is hereby **ORDERED** to file the English translation of this exhibit by **March 10, 2006.**

Héctor L. Claudio–Rosario, Esq., Caguas, PR, for Plaintiff.

Lourdes C. Hernández–Venegas, Esq., Natascha B. Riesco–Farinas, Esq., Schuster Usera & Aguiló LLP, San Juan, PR, for Defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I.  INTRODUCTION

The Court has before it Defendant MCS Life Insurance Company's ("MCS") "Mo-

tion to Dismiss" (**docket No. 8**), as well as the Plaintiffs' opposition thereto (docket No. 14). For the reasons stated below, the Court hereby **DENIES** Defendant MCS's motion (**docket No. 8**).

### II.  *LEGAL STANDARD FOR A MOTION TO DISMISS*

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, at 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *Gonzalez–Perez v. Hospital Interamericano De Medicina Avanzada*, 355 F.3d 1, at 5 (1st Cir.2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

### III.  *PLAINTIFFS' FACTUAL ALLEGATIONS*

Plaintiff, Manuel Velázquez Arroyo ("Velázquez Arroyo") was employed by Chesenbrough Ponds Manufacturing Company[1] ("Chesenbrough") as a porter from June 24, 1996, until October 20, 2004, when he was terminated from his employment.

---

1. Chesenbrough was originally a named defendant in this action, as was Simonpietri Hemisferica S.A., Inc., the Plaintiffs' dental insurer. Both of these defendants reached a settlement with the Plaintiffs and are no longer parties to this case.

During the term of his employment, Arroyo and his family, co-Plaintiffs Manuel Velázquez Collazo, Llandel Manuel Velázquez Collazo, Ana M. Hernández Rodríguez, and Joshuanel Hernández, were participants and/or beneficiaries in the group health plan sponsored by Chesenbrough through Defendant MCS Life Insurance Company as plan administrator.

The Plaintiffs were not given notice of their right to COBRA's initial notice at the commencement of coverage, or at the commencement of the employment of Plaintiff Velázquez Collazo. Upon his termination, he and his family were not provided with proper notice of his right to elect continuation coverage of his health plan as required by the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161–1168.

Defendant MCS's failure to provide Plaintiffs notice of their right to elect continuation coverage of his health plan, constitute violations of the explicit disclosure requirements imposed by the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161–1168, and MCS's fiduciary duties towards them pursuant to the terms and conditions of the plan. Defendants' wrongful termination of plaintiffs' health insurance policy prevented Plaintiffs from the opportunity to obtain the same quality of health coverage, causing the Plaintiffs to suffer mental anguish and distress, and to incur in medical expenses.

## IV. DEFENDANT'S RESPONSE

The Defendant, MCS Life Insurance, rests its defense in this matter on the argument that it is not the Plan Administrator of the Plaintiffs' health plan as defined by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, and that it is therefore not liable for the breaches of duty alleged by the Plaintiffs.

## V. CONCLUSIONS OF LAW

### A. Plan Administrator Under ERISA

██ The Defendant's principal argument in this matter is that it is not liable to the Plaintiffs for the relief they seek because MCS is not the Plan Administrator under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. MCS argues that it is merely the insurer, and therefore not liable as a Plan Administrator under the statute. ERISA is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Pharmaceutical Care Management Ass'n v. Rowe,* 429 F.3d 294 (1st Cir.2005), *quoting Shaw v. Delta Air Lines,* 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

> ERISA defines a Plan Administrator as (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). In support of its contention that it is not the Plan Administrator, MCS offers two documents as evidence. The first is an unsworn statement under penalty of perjury from its Vice President of Sales, Héctor Fuentes Febles, wherein Mr. Fuentes states that MCS acts merely as the insurer of Chesenbrough's group help plan, and that MCS has assumed no other responsibilities with regards to the plan, nor with any other client which it insures. This statement is accompanied by three pages from the "Group Insurance Plan Between MCS Life Insurance Company and Unilever[2]" (Court

---

**2.** Though it is not clearly stated anywhere in      the pleadings, it appears that Chesenbrough is

translation); the third page of this document states that "The 'Plan Administrator' is the Employer, or any other person designated by the Employer to administer this Policy." (docket 8–2 at 3) (Court translation). In response, the Plaintiff has filed portions of a document called the "Summary Plan Description of MCS's Group Health Plan for Unilever," which contains language indicating that certain appeals of denials of benefits should be made to MCS's offices.

■ Ordinarily, the Court may not consider documents outside of the Complaint or not expressly incorporated therein, unless the motion is converted into one for summary judgment. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30 (1st Cir.2001), *citing Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). However, a narrow exception exists for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint. *Id.* When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss. *Id., citing Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998); *accord Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir.2000) (considering advertising material outside of the complaint in a motion to dismiss false advertising claim because material was "integral" to assessing the complaint's allegations). The Court declines to squeeze these documents into the narrow exception, because, though they would appear to be central to the Plaintiffs' claims, the assumptions that could be drawn from reading the scant segments that the parties have offered into evidence

could lead to different conclusions, giving rise to an issue of material fact. The Court is of the opinion that the matter of whether MCS is the designated Plan Administrator or performs the duties concomitant with that designation should be subject to further discovery and would best be resolved upon a motion for summary judgment. Therefore, the Court **DENIES** the Defendant's motion to dismiss on the grounds that it is not the Plan Administrator, leaving the issue open to future adjudication.

### B. ERISA Preemption

The Defendant also argues that the Plaintiffs' state law claims are preempted by ERISA. However, as the Plaintiffs point out in their opposition to the motion to dismiss, they have filed an amended complaint eliminating all state law claims. The Court takes **NOTE** of the fact that there are no state law claims at issue in this case. Therefore, this issue is now **MOOT**.

### C. Breach of Fiduciary Duties and Compensatory Damages

Defendant MCS argues that a claim for equitable relief is only equitable if the plaintiff seeks to obtain plan-wide relief. Defendant argues that because the Plaintiffs did not seek plan-wide relief, then their claims for breach of fiduciary duty should be dismissed, and further argue that they are not entitled to any compensatory damages because ERISA does not provide for the recovery of extra-contractual damages.

■ Under sections 409 and 502(a)(2) of ERISA, 29 U.S.C. §§ 1109(a), 1132(a)(2), an ERISA fiduciary is personally liable for monetary damages, for restitution, and for "such other equitable or remedial relief as

---

either owned by or is a subsidiary of Unilever,

which has never been a party to this case.

the court may deem appropriate." 29 U.S.C. § 1109(a). A non-fiduciary, however, is not subject to monetary damages in a suit brought under ERISA. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (noting how "[p]rofessional service providers such as actuaries become liable for damages when they cross the line from adviser to fiduciary"). Under ERISA, a fiduciary is one who exercises discretionary authority or control in the management and administration of an ERISA plan. 29 U.S.C. § 1002(21)(A). *See also Mertens*, 508 U.S. at 251, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161.

As discussed above, at this point in the litigation, the Court is not in a position in which it can make a determination as to whether the Defendant MCS is the Plan Administrator or a fiduciary. The issue to be resolved at this point is whether the Plaintiffs can recover the damages they are claiming if the Court later determines that the Defendant is liable to them. The Plaintiffs seek compensatory damages in that they seek the payment of the Plaintiffs' unpaid medical bills and unspecified "equitable remedies in the form of monetary restitution for back benefits and to clarify rights to receive future benefits under the plan." Amended Complaint at 8.

A plan participant or beneficiary may bring suit for equitable relief for breach of fiduciary duty under ERISA's so-called "catch all" provision, which states that:

A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan [.]

29 U.S.C. § 1132(a)(3); *see Varity Corp. v. Howe*, 516 U.S. 489, 509–15, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). The Supreme Court has interpreted § 1132(a)(3) as "a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere adequately remedy." *Varity Corp.*, 516 U.S. at 512, 116 S.Ct. 1065, 134 L.Ed.2d 130.

However, the Court will abstain from addressing this issue at this point. As the Plaintiffs point out in their opposition to the motion to dismiss, the Supreme Court of the United States has agreed to reconsider the scope of equitable relief under 29 U.S.C. § 1132(a)(3), granting certiorari in *Mid Atlantic Medical Services, LLC v. Sereboff*, 407 F.3d 212 (4th Cir.2005), *cert. granted*, —— U.S. ——, 126 S.Ct. 735, 163 L.Ed.2d 567 (2005), a case where the principal issue will be whether a claim for reimbursement of medical expenses paid on behalf of a participant or beneficiary is recoverable under ERISA. Given that *Mid Atlantic* is set for oral argument on March 28, 2006, the Court will resolve this issue at a later date.

### D. Jury Demand

The Defendant also argues that the Plaintiffs' demand for a jury trial on the non-ERISA claims in their Complaint should be stricken, as ERISA does not provide for a trial by jury. The Court finds that this issue is **MOOT**, however, because the Plaintiffs' Amended Complaint omits any non-ERISA claims; to be perfectly clear, the only claims now at issue in this case are brought under ERISA. That being the case, the Court **NOTES** that any trial held in this matter will be a bench trial.

## VI. CONCLUSION

For the aforementioned reasons, the Court **DENIES** the Defendants' "Motion

to Dismiss" (**docket No. 8**). Furthermore, the Court hereby enters the following **ORDERS**:

1. Defendant MCS Life **SHALL** answer the Amended Complaint **on** or before **March 6, 2006.**

2. The parties **SHALL** meet for a Rule 26 Conference on **April 6, 2006.**

3. The Court hereby **SETS** an Initial Scheduling Conference for **April 27, 2006, at 2:00 p.m.**, as per the Initial Scheduling Conference Call entered on this same date.

4. On or before April 20, 2006, the parties **SHALL** provide the Court with the following information:

   a. The amount of the settlement between the Plaintiffs and Chesenbrough Products (the employer);

   b. Any evidence that the employer notified MCS of the termination of Manuel Velázquez Arroyo's employment;

   c. Any evidence regarding Defendant MCS Life's policy regarding the providing of notice of COBRA rights to terminated employees, if any.

**IT IS SO ORDERED.**