**Victor ROLDÁN–PEÑA, Plaintiff,**

v.

**BANCO POPULAR DE PUERTO RICO, Defendant.**

**Civil No. 14–1208 (PAD).**

United States District Court, D. Puerto Rico.

Signed April 25, 2014.

Jose Emilio Fuentes–Del Rosario, Fuentes and Gonzalez, San Juan, PR, for Plaintiff.

Juan J. Casillas–Ayala, Israel Fernandez–Rodriguez, Casillas, Santiago & Torres, LLC, San Juan, PR, for Defendant.

**MEMORANDUM AND ORDER**

PEDRO A. DELGADO–HERNÁNDEZ, District Judge.

Pending before the Court is defendant's unopposed motion to strike plaintiff's demand for trial by jury. After careful consideration of applicable law, defendant's motion is granted. Consequently, the demand for trial by jury is stricken.

A.

Victor Roldán–Peña ("Roldán–Peña") initiated this action with a complaint against Banco Popular de Puerto Rico ("BPPR") in the San Juan Part of the Court of First Instance of Puerto Rico for (1) benefits allegedly due to him under BPPR's Retirement Plan and BPPR's Deferred Compensation Plan, and (2) interest accrued from May of 1988 until February

---

of 2012 (Docket No. 1, Exhs. I and II at ¶¶ 3 and 6–12).

Invoking complete preemption by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), BPPR removed the case to this Court (Docket No. 1 at ¶¶ 7–15). Following removal, Roldán–Peña timely filed a "Motion Demanding Trial by Jury" under Fed.R.Civ.P. 38 (Docket No. 6), which BPPR opposed, moving to strike Roldán–Peña's demand under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)(Docket No. 7).

### B.

Roldán–Peña predicates his demand to trial by jury on the Seventh Amendment to the U.S. Constitution. Along the same line, he states that even if "this were an ERISA case" that statute is silent on whether a plaintiff is entitled to a trial by jury (Docket No. 6 at p. 3, ¶¶ 9–10).

The Seventh Amendment guarantees the right to jury trial in suits at common law where the value in controversy exceeds $20.00. So limited, the right is not available in every case. Rather, it may be invoked in cases where plaintiff has demanded a legal remedy but not in case of equitable claims. *Medina v. Triple–S Vida, Inc.,* 832 F.Supp.2d 117, 119 (D.P.R. 2011); *López v. Astrazeneca Pharmaceuticals LP,* 2006 WL 508095, *4–5 (D.P.R. March 1, 2006). Claims subject to Section 502(a)(1)(B) of ERISA have been considered equitable in nature and, for the same

reason, beyond the scope of the Seventh Amendment's guarantee of trial by jury.

Section 502(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan . . ." 29 U.S.C. § 1132(a)(1)(B). The statute does not expressly grant or categorically deny the right to trial by jury. Moreover, neither the Supreme Court nor the Court of Appeals for the First Circuit has categorically ruled on this issue.

In *Liston v. UNUM,* 330 F.3d 19 (1st Cir.2003), however, the First Circuit suggested juries are not available for benefit claims subject to Section 502(a)(1)(B). *Id.* at 24 ("[Plaintiff] did not seek a jury trial . . . [T]he precedents suggest that it would likely have been unavailable"). Circuit courts considering the question have held that juries are not available for such claims. *Id.* at n. 4 and cases cited therein.[1] Similarly, 2 judges in this District have concluded that jury trials are not available in cases under Section 502(a)(1)(B). *Medina v. Triple–S Vida, Inc., supra; López v. Astrazeneca ·Pharmaceuticals LP, supra.*[2] The Court is persuaded by these decisions, and finds no reason to deviate from this line of precedent.

### C.

A careful evaluation of the complaint confirms Roldán–Peña's claims are subject to Section 502(a)(1)(B). He alleges that his employment with BPPR terminated af-

---

**1.** *See also, O'Hara v. Nat'l Union Fire Ins. Co.,* 642 F.3d 110, 116 (2d Cir.2011); *Graham v. Hartford Life & Acc. Ins. Co.,* 589 F.3d 1345, 1355 (10th Cir.2009); *Reese v. CNH America,* 574 F.3d 315, 327 (6th Cir.2009); *McDougall v. Pioneer Ranch Ltd.,* 494 F.3d 571, 576 (7th Cir.2007); *Thomas v. Oregon Fruit Products,* 228 F.3d 991, 997 (9th Cir.2000).

**2.** Moreover, in *Velazquez–Arroyo v. MCS,* 418 F.Supp.2d 11, 15 (D.P.R.2006), a third Judge in the District considered moot a request to strike a request for a trial by jury, without specific reference to Section 502(a)(1)(B), because the amended complaint only included claims brought under ERISA.

ter BPPR established "an early retirement strategy or a retirement window" (Docket No. 1, Exh. 2 at ¶ 6); that his vacations and a portion of the benefits under "his profit sharing plan" (denominated by BPPR, the Deferred Compensation Plan) were liquidated; but that an approximate balance of $992.00 under that plan remained. *Id.* at ¶ 8.

Additionally, Roldán–Peña asserts that he did not receive the amount ($3,374.76) he was purportedly entitled to under the pension plan because he was given the option to continue accumulating the same until he reached sixty (60) years of age, *Id.* at ¶¶ 9 and 10; that upon turning sixty (60) years of age he requested the amount he was purportedly entitled to under the pension plan; and that BPPR's Department of Human Resources informed him he had already been paid the amount of $3,374.76 under the pension plan. *Id.* at ¶ 12.

Finally, Roldán–Peña insists he has not received the $3,374.76. *Id.* ¶ 13. Therefore, he claims BPPR must pay him this amount along with interest accrued from May of 1988 to February of 2012, in addition to $992.00 in profit sharing pursuant to BPPR's Deferred Compensation Plan. *Id.* at ¶¶ 13 and 22.

It is apparent Roldán–Peña's claims are equitable under ERISA. They are grounded on the alleged failure of BPPR'S Retirement and Deferred Compensation Plans to fulfill their fiduciary duties and seek an order requiring the award of benefits allegedly due under both plans. As such, they do not implicate the Seventh Amendment's guarantee of right to trial by jury.

In view of the foregoing, "BPPR's Motion to Strike Plaintiff's Jury Demand" (Docket No. 7) is GRANTED. Correspondingly, Roldán–Peña's "Motion Demanding Trial by Jury" (Docket No. 6) is

DENIED. The request for a jury trial is stricken. Any trial held in this matter will be a bench trial.

**IT IS SO ORDERED.**