468 P.2d 933

**Donald S. BROSIE, Appellant,**

v.

**A. Henderson STOCKTON, Appellee.**

No. 9853.

Supreme Court of Arizona,
In Division.

May 5, 1970.

Rehearing Denied May 26, 1970.

Johnson & Shaw, by J. P. Shaw, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by Nicholas Udall, Phoenix, for appellee.

McFARLAND, Justice.

This is an appeal by Donald S. Brosie, plaintiff below, from an order of the Superior Court of Maricopa County dismissing his complaint against A. Henderson Stockton, defendant below, on the ground that "plaintiff's complaint fails to state a claim upon which relief can be granted."

Plaintiff alleged in his complaint that he and his wife, Alita M. Brosie, for a consideration, retained defendant to represent them in a divorce action; that prior to the time of the decree there were conferences between plaintiff, his wife, and defendant, regarding a property settlement; that the relationship was of a fiduciary nature; and that plaintiff, relying upon inducements and representations of the defendant, signed the property settlement which was incorporated in the judgment and decree of divorce; that thereafter defendant brought proceedings, in behalf of plaintiff's former wive, against plaintiff on the documents on which he had made the representation. The plaintiff asked for both actual and punitive damages in the amount of one hundred thousand dollars.

The defendant answered in Paragraph I, stating plaintiff's complaint fails to state a claim upon which relief can be granted. The remainder of defendant's answer is to the effect that he represented the plaintiff's former wife, and examined an agreement which was prepared on the legal stationery of another law firm; that he never represented the plaintiff; that the physical condition of plaintiff's former wife was such that it was necessary that he and her father represent her interests and that they negotiated with plaintiff regarding the property; that it was clearly understood by the plaintiff that he was not represented by defendant; and set forth in his answer a paragraph of the property settlement agreement which provided:

"15. The parties hereto understand that Stockton & Hing have heretofore repre-

sented ALITA M. BROSIE, Party of the Second Part, and that Stockton & Hing are free to hereafter represent her."

He further generally denied that he made inducements or representations to the plaintiff to cause him to execute the agreement; also pleading as a separate and distinct affirmative defense an alleged waiver, estoppel, and the statute of limitations. The defendant—pursuant to provisions of Rule 56, Rules of Civ.Proc., 16 A.R.S.—moved for a summary judgment, basing same upon the pleadings and affidavits. Both sides filed supporting affidavits and memoranda.

The court, after taking the motion under advisement, found that the plaintiff's complaint fails to state a claim upon which relief can be granted and ordered the complaint dismissed.

The only question presented by the plaintiff in his brief is "Did the complaint state a claim upon which relief can be granted?" However, in his discussion, the plaintiff notes that the only formal motion before the court was for summary judgment, and he indicates it was error for the court to render judgment as if it were a motion to dismiss directed only to the pleadings.

We have held that summary judgment should not be entered unless it is clear that there is no genuine issue of fact presented. The issue must be of material facts. Hoopes v. Lamb, 102 Ariz. 335, 429 P.2d 447. Similarly, we have held that a motion to dismiss concedes the truth of all material facts. Lakin Cattle Co. v. Engelthaler, 101 Ariz. 282, 419 P.2d 66.

However, it seems to be immaterial whether the motion is termed one to dismiss on the pleadings or for summary judgment. In 5 Wright & Miller, Federal Practice and Procedure, § 1366, at page 676, it is pointed out that technically a motion for summary judgment goes to the merits of the claim while a motion to dismiss merely challenges the pleader's failure to properly state a claim. However, Federal Rule 12(b) (6) [after which our Rule 12(b) (6), Rules Civ.Proc., 16 A.R.S., is patterned], permitting introduction of affidavits and other matters extraneous to the pleadings on a motion to dismiss, merely acknowledges the close relationship between both motions.

"The element that triggers the conversion [from a motion to dismiss to one for summary judgment] is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. It is not relevant how the defense actually is denominated." Wright & Miller, supra.

■ Conversely, where the extraneous matters neither add to nor subtract from the deficiency of the pleading, the motion for summary judgment will be treated as "either a motion to dismiss under Rule 12(b), or a judgment on the pleadings pursuant to Rule 12(c), Rules of Civil Procedure, 16 A.R.S." Shannon v. Butler Homes, Inc., 102 Ariz. 312, 428 P.2d 990, 26 A.L.R.3d 309.

■ Where the answer sets forth as a defense that the complaint does not state facts under which relief can be granted, and a motion for summary judgment is made, the issue is joined as to whether or not the complaint states material facts under which relief can be granted.

■ Here the material extraneous to the pleadings is unnecessary to the final outcome. The affidavit and the argument against the motion for summary judgment of the defendant merely support the allegations of the complaint. On the other hand, the affidavit and argument in support of the motion add nothing. Thus it was not error for the court to treat the motion as one to dismiss. The question then is whether, accepting the allegations of the complaint as true, the complaint states a claim upon which relief can be granted. It is alleged that prior to the time the decree of divorce was granted there were numerous conferences between the plaintiff and defendant regarding the property settlement; also, that the plaintiff relied up-

on inducements and representations of the defendant, and that a fiduciary relationship existed, but at no place does plaintiff allege that the property settlement was not a good one, or that it was not favorable to the plaintiff.

The question in the instant case is whether the allegation of a representation by the defendant as an attorney for both the plaintiff and his former wife is of itself an allegation of damage to plaintiff. As far as the complaint is concerned, it falls short of stating that plaintiff was damaged in any way. He alleges the defendant, in violation of his obligations to the plaintiff, wilfully and intentionally brought suit; however, he does not allege that the suit was not a just one, nor that he did not owe money to his former wife under the property settlement. He does pray for damages, but in no place in the complaint does he allege damages. The whole theory of his cause of action is that the defendant had represented both plaintiff and his wife in a divorce case. This is not enough to show damage.

The plaintiff relies on Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026, in which it was stated that:

"The court should not grant a motion to dismiss unless it appears certain that the plaintiff would be entitled to no relief under any state of facts which is susceptible of proof under the claim stated."

However, the court pointed out that:

"* * * Under the new rules of procedure the test as to whether a complaint is sufficient to withstand a motion to dismiss is whether enough is stated therein which, if true, would entitle plaintiff to some kind of relief on some theory. * * *"

In the instant case it does not appear that the plaintiff is entitled to relief under any state of facts susceptible of proof.

Even his response to the motion for summary judgment goes no further than, and merely supports, those allegations of his complaint. He principally reiterates

the allegation that the defendant represented both the plaintiff and his wife, and states that this creates an issue of fact. Even if this is so, he fails to show wherein this caused him damage.

Under the state of the record, there is nothing to show a claim upon which relief can be granted. Therefore, the court had the right to order the complaint dismissed upon this ground.

Judgment affirmed.

LOCKWOOD, C. J., and STRUCK-MEYER, V. C. J., concur.