No. 83-241

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

R. H. SCHWARTZ CONSTRUCTION SPECIALTIES, INC.,
a Montana corportion,

Plaintiff and Appellant,

-vs-

THOMAS J. HANRAHAN,

Defendant and Respondent.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nye & Meyer; Jerrold L. Nye argued, Billings, Montana

For Respondent:

Huntley & Eakin; Ira Eakin argued, Baker, Montana

Submitted:   October 27, 1983

Decided:   December 6, 1983

Filed:   DEC 6 - 1983

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Schwartz Construction filed a complaint on March 28, 1983 in the District Court of the Seventh Judicial District, Dawson County, alleging legal malpractice by Thomas Hanrahan. The complaint was dismissed on May 10, 1983, for failure to state a claim upon which relief could be granted. Schwartz Construction appeals.

Schwartz Construction hired Thomas Hanrahan, a licensed, practicing attorney, to act as its legal counsel in two suits filed against it. According to the malpractice complaint filed by Schwartz Construction (which is the only evidence we have on the matters), Hanrahan failed to file answers in both cases. One suit resulted in a default judgment against Schwartz Construction and a subsequent sheriff's sale of some of its property. The other suit resulted in execution on Schwartz Construction's bank account. Execution on the account apparently resulted in the bank stripping Schwartz Construction's account of all funds.

Section 7 of the complaint alleges:

"7. The failure of the Defendant [Hanrahan] to perform even rudimentary legal functions to protect his client from the above law suits was negligent, wrongful, and failed to comply with the standards by which conduct of any attorney are measured. These failures were the proximate cause of great expense and harm to Plaintiff."

Further, the complaint seeks $50,000 in actual damages from Hanrahan for failure to represent his client and punitive and exemplary damages of not less than $250,000.

Counsel for Hanrahan filed a motion to dismiss on April 19, 1983, based on Schwartz Construction's failure to allege that "'but for the negligence of the attorney' the particular result would not have occurred." The motion to dismiss was granted for that reason. Schwartz Construction did not

attempt to amend its complaint, but brought this appeal instead.

Montana's liberal rules of pleading are found in Rule 8, M.R.Civ.P. The rules relevant to this proceeding are:

> "Rule 8(a). Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
>
> " . . .
>
> "Rule 8(e). Pleading to be concise and direct - consistency. (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motion are required."

Schwartz Construction's claim against Hanrahan is one of attorney malpractice, a negligence action. It is axiomatic that negligence requires the existence of a duty, a breach of that duty and harm caused by that breach.

The complaint at issue simply and concisely sets forth allegations supporting each of those elements:

(1) Schwartz Construction hired Hanrahan to act as its legal counsel.

(2) While so acting, Hanrahan failed to file answers to two complaints filed against Schwartz Construction.

(3) Those failures resulted in default judgments against Schwartz Construction.

(4) Schwartz Construction suffered $50,000 in actual damages because of those judgments and demands relief in at least that amount.

Clearly, the complaint against Hanrahan is sufficient under Rule 8, M.R.Civ.P. We therefore reverse the decision of the District Court and remand this cause for trial on the complaint.

This decision is limited solely to the determination that the complaint filed by Schwartz Construction adequately states a claim against Thomas Hanrahan for attorney malpractice. We leave for another time the substantive issue of what type of proof is required in an attorney malpractice action.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

4

Mr. Justice John C. Sheehy, dissenting:

I dissent. The order of the District Court dismissing the complaint here is proper.

Rule 8(a), M.R.Civ.P., provides that a claim for relief "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

One cannot read into plaintiff's claim in this case any showing that the plaintiff is entitled to relief.

Paragraph 7 of the complaint, upon which the majority relies, is so vague and overbroad as to be illusory. An examination of paragraph 7 will reveal that nothing in it contains facts from which it could be drawn that the plaintiff had been improperly sued or that the judgments against it were not proper. The allegation that the failures of Hanrahan as alleged in the complaint "were the proximate cause of great expense and harm to the plaintiff" may include the fact that the lawsuits were properly brought, and judgments would have resulted regardless of what Hanrahan did in the premises. Therefore, the complaint does not show on its face that plaintiff "is entitled to relief" in the language of Rule 8(a), M.R.Civ.P.

An essential allegation against an attorney on the grounds of malpractice is that the malpractice resulted in actual loss to the client. As the Arizona court said in Brosie v. Stockton (1970), 105 Ariz. 574, 468 P.2d 933, 936:

> "The question in the instant case is whether the allegation of a representation by the defendant as an attorney for both the plaintiff and his former wife is of itself an allegation of damage to plaintiff. As far as the complaint is concerned, it falls short of stating that plaintiff was damaged in any way. He alleges the defendant, in

- 5 -

violation of his obligations to the plaintiff, wilfully and intentionally brought suit; however, he does not allege that the suit was not a just one, nor that he did not owe money to his former wife under the property settlement. He does pray for damages, but in no place in the complaint does he allege damages. The whole theory of his cause of action is that the defendant had represented both plaintiff and his wife in a divorce case. This is not enough to show damage.

". . .

". . . 'Under the new rules of procedure the test as to whether a complaint is sufficient to withstand a motion to dismiss is whether enough is stated therein which, if true, would entitle plaintiff to some kind of relief on some theory.. . .'

"In the instant case it does not appear that the plaintiff is entitled to relief under any state of facts susceptible of proof."

In the words of Professor Moore, 2A Moore's Federal Practice ¶ 8.14 at 8-136 (2d ed. 1982):

"True, the courts will go very far in finding a basis on which to sustain a pleading as against a motion to dismiss for failure to state a claim, but good practice demands that the pleader state his claim with simplicity and clarity in the first instance, rather than set out a jumble of unrelated facts and hope that the court will work out his case for him. Further, if the pleading is to give 'fair notice' of the claim, it will normally have to be bottomed upon some theory supporting recovery." (Footnotes omitted.)

Professor Moore further points out that in ruling on the sufficiency of a pleading that is on the borderline, if this case can be considered on the borderline, the court should consider the following:

"(1) At what stage of the action is the objection raised?

"(2) Are the prima facie elements of the claim or defense stated?

"(3) If these are stated, is the statement fair notice to the adverse party?

"(4) Is it feasible to require more particularity?" 2A Moore's Federal Practice ¶ 8.13 at 8-130, 8-131 (2d ed. 1982) (Footnotes omitted.)

The pleading here fails test no. 2 in that the prima facie elements of the claim against Hanrahan are not stated, since it is not shown that the actual loss, if any, sustained by the plaintiff is the proximate result of the claimed insufficient representation of the attorney. It does not meet test no. 3 because the pleading is not a fair notice to the adverse attorney, since he is not advised from the pleading that he is the cause of actual loss.

Moreover, in this case it is feasible to require more particularity of the plaintiff, either by a more definite statement, or by an amendment.

I hold to the propriety of the theory of the Montana Rules of Civil Procedure, identical to that of the Federal Rules of Civil Procedure, that pleadings are in effect notice to the adverse party of the claim being made. I do not, however, throw out the window every necessity for pleading, because even under notice pleadings, the opposing party is entitled to understand from the pleading the nature of the claim against him. This complaint is artfully contrived not to allege that there was actual loss arising from the attorney's deficiencies, but seems rather intent on embarassing him for claimed deficiencies which may not have proximately resulted in a loss to the client.

It is proper under Rule 12(b), M.R.Civ.P., to attack a pleading upon the ground that it fails "to state a claim upon which relief can be granted." That is what happened here. Rule 12(b) may become useless if, as here, mere unrelated, vague, overbroad, and illusory statements of damage can be held to state a claim.

When the motion to dismiss was made in this case on the ground that the complaint was insufficient, the plaintiff did

not move to amend his pleading so as to make the proper allegations. That indicates to me a basic deficiency in plaintiff's case; otherwise, a motion for amendment would have been simple to make and proper for the District Court to grant. I therefore disagree with the majority and would affirm the dismissal by the District Court.

_____
                Justice

I join in Justice Sheehy's dissent.

_____
                Justice