MR. JUSTICE SHEEHY
dissenting:
I dissent. The order of the District Court dismissing the complaint here is proper.
Rule 8(a), M.R.Civ.P., provides that a claim for relief “shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief . .
One cannot read into plaintiff’s claim in this case any showing that the plaintiff is entitled to relief.
Paragraph 7 of the complaint, upon which the majority relies, is so vague and overbroad as to be illusory. An examination of paragraph 7 will reveal that nothing in it contains facts from which it could be drawn that the plaintiff had been improperly sued or that the judgments against it were not proper. The allegation that the failures of Hanrahan as alleged in the complaint “were the proximate cause of great expense and harm to the plaintiff” may include the fact that the lawsuits were properly brought, and judgments would have resulted regardless of what Hanrahan did in the premises. Therefore, the complaint does not show on its face that plaintiff “is entitled to relief ’ in the language of Rule 8(a), M.R.Civ.P.
*109 An essential allegation against an attorney on the grounds of malpractice is that the malpractice resulted in actual loss to the client. As the Arizona court said in Brosie v. Stockton (1970), 105 Ariz. 574, 468 P.2d 933, 936:
“The question in the instant case is whether the allegation of a representation by the defendant as an attorney for both the plaintiff and his former wife is of itself an allegation of damage to plaintiff. As far as the complaint is concerned, it falls short of stating that plaintiff was damaged in any way. He alleges the defendant, in violation of his obligations to the plaintiff, wilfully (sic) and intentionally brought suit; however, he does not allege that the suit was not just one, nor that he did not owe money to his former wife under the property settlement. He does pray for damages, but in no place in the complaint does he allege damages. The whole theory of his cause of action is that the defendant had represented both plaintiff and his wife in a divorce case. This is not enough to show damage. <<
“. . . ‘Under the new rules of procedure the test as to whether a complaint is sufficient to withstand a motion to dismiss is whether enough is stated therein which, if true, would entitle plaintiff to some kind of relief on some theory. . . .’
“In the instant case it does not appear that the plaintiff is entitled to relief under any state of facts susceptible of proof.”
In the words of Professor Moore, 2A Moore’s Federal Practice Paragraph 8.14 at 8-136 (2d ed. 1982):
“True the courts will go very far in finding a basis on which to sustain a pleading as against a motion to dismiss for failure to state a claim, but good practice demands that the pleader state his claim with simplicity and clarity in the first instance, rather than set out a jumble of unrelated facts and hope that the court will work out his case for him. Further, if the pleading is to give ‘fair notice’ of the claim, it will normally have to be bottomed upon some theory sup *110 porting recovery.” (Footnotes omitted.)
Professor Moore further points out that in ruling on the sufficiency of a pleading that is on the borderline, if this case can be considered on the borderline, the court should consider the following:
“(1) At what stage of the action is the objection raised? Are the prima facie elements of the claim or defense stated?
“(3) If these are stated, is the statement fair notice to the adverse party?
“(4) Is it feasible to require more particularity?” 2A Moore’s Federal Practice Paragraph 8.13 at 8-130, 8-131 (2d ed. 1982) (Footnotes omitted.)
The pleading here fails test No. 2 in that the prima facie elements of the claim against Hanrahan are not stated, since it is not shown that the actual loss, if any, sustained by the plaintiff is the proximate result of the claimed insufficient representation of the attorney. It does not meet test No. 3 because the pleading is not a fair notice to the adverse attorney, since he is not advised from the pleading that he is the cause of actual loss.
Moreover, in this case it is feasible to require more particularity of the plaintiff, either by a more definite statement, or by an amendment.
I hold to the propriety of the theory of the Montana Rules of Civil Procedure, identical to that of the Federal Rules of Civil Procedure, that pleadings are in effect notice to the adverse party of the claim being made. I do not, however, throw out the window every necessity for pleading because even under notice pleadings, the opposing party is entitled to understand from the pleading the nature of the claim against him. This complaint is artfully contrived not to allege that there was actual loss arising from the attorney’s deficiencies, but seems rather intent on embarrassing him for claimed deficiencies which may not have proximately resulted in a loss to the client.
It is proper under Rule 12(b), M.R.Civ.P., to attack a *111 pleading upon the ground that it fails “to state a claim upon which relief can be granted.” That is what happened here. Rule 12(b) may become useless if, as here, mere unrelated, vague, overbroad, and illusory statements of damage can be held to state a claim.
When the motion to dismiss was made in this case on the ground that the complaint was insufficient, the plaintiff did not move to amend his pleading so as to make the proper allegations. That indicates to me a basic deficiency in plaintiffs case; otherwise, a motion for amendment would have been simple to make and proper for the District Court to grant. I therefore disagree with the majority and would affirm the dismissal by the District Court.
MR. JUSTICE GULBRANDSON dissenting.
I join in JUSTICE SHEEHY’s dissent.