226 P.3d 1046

STRATEGIC DEVELOPMENT AND CONSTRUCTION, INC., an Arizona Corporation, Plaintiff/Appellant,

v.

7TH & ROOSEVELT PARTNERS, LLC, an Arizona Limited Liability Company, Defendant/Appellee.

No. 1 CA–CV 09–0187.

Court of Appeals of Arizona, Division 1, Department D.

March 18, 2010.

Ward Law Offices, PLLC By Ann–Marie Anderson, David E. Ward, Phoenix, Attorneys for Appellant.

The Nathanson Law Firm By Philip J. Nathanson, Scottsdale, Attorneys for Appellee 7th & Roosevelt Partners, LLC.

## OPINION

JOHNSEN, Judge.

¶ 1 In considering a motion to dismiss for failure to state a claim pursuant to Arizona Rule of Civil Procedure 12(b)(6) that presents "matters outside the pleading," if the superior court does not "exclude" the extraneous matters, it must treat the motion as a Rule 56 motion for summary judgment and allow the plaintiff a "reasonable opportunity to present" all pertinent material in response. Ariz. R. Civ. P. 12(b). In this case, a motion to dismiss filed pursuant to Rule 12(b)(6) referred to a handful of documents, including some that were not attached to the complaint. Because the extraneous documents were both matters of public record and the basis of one of the claims in the complaint, we hold the court did not abuse its discretion by granting the motion without

permitting the plaintiff an opportunity to respond pursuant to Rule 56.[1]

## FACTUAL AND PROCEDURAL HISTORY

¶2 7th and Roosevelt Partners, LLC ("Partners") owns commercial property it leases to Rev Roosevelt, LLC ("Rev"). Rev hired Strategic Development and Construction, Inc. ("Strategic") to construct tenant improvements on the property. After Rev failed to pay for the work, Strategic filed a complaint that alleged breach of contract, unjust enrichment and lien foreclosure against both Rev and Partners.[2] Rather than file an answer, Partners on April 25, 2008 moved to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6). Partners served its motion by mail. On May 28, the superior court granted Partners' motion on the sole ground that Strategic had failed to file a response.

¶3 On June 4, Strategic filed a motion for reconsideration in which it argued Partners' Rule 12(b)(6) motion presented facts outside the complaint that required the court to treat it as a motion for summary judgment pursuant to Rule 56. In its motion for reconsideration, Strategic did not respond to the merits of the motion to dismiss, but instead asked for leave to file a response before June 30.[3] On June 10, the superior court issued a minute entry ordering Partners to respond to Strategic's motion for reconsideration. The order continued, "No reply is necessary and no oral argument shall be set unless ordered by the Court." The court subsequently denied Strategic's motion for reconsideration:

Plaintiff contends that its failure to respond to Defendants' Motion to Dismiss was excused because the Motion referred to matters outside [the] pleadings thus converting it to a Rule 56 Motion with the deadline for response extended pursuant to that Rule. However, that deadline has now passed and no response has been made on the merits.

The Court rejects Plaintiff's thesis of automatic extension of time to respond without request or order and denies the Motion for Reconsideration.

¶4 Strategic then filed a motion requesting relief from final judgment pursuant to Rule 60(c)(1). It argued mistake, inadvertence or excusable neglect justified its request for relief "based upon the fact that it appears that Plaintiff's counsel and the Court have differing views on the operational nature of when and how a Motion to Dismiss becomes a Motion for Summary Judgment." Strategic contended it had acted diligently by moving for reconsideration immediately after dismissal of its complaint. It asserted the court had denied its request for leave to file a response to the motion to dismiss: "Plaintiff would have been in direct violation of this Court's Order, dated June 10, 2008, had Plaintiff filed a reply/response to Defendant [Partners'] Motion to Dismiss/Motion for Summary Judgment. After the Court issued its June 10th Order, Plaintiff waited for further instructions from the Court, but received none."

¶5 The superior court denied Strategic's Rule 60(c)(1) motion. The court held the orders at issue were not judgments to which Rule 60(c)(1) applied and in any event, the motion was not well taken. In a footnote, the court added, "The Court expressly rejects Plaintiff's argument that the Court's June 10, 2008 minute entry order somehow prohibited Plaintiff from filing a timely or tardy Response to the April 25, 2008 Motion to Dismiss. As is apparent from the minute entry order, Plaintiff was prohibited only

---

1. As explain *infra*, after the court granted the motion to dismiss, the plaintiff filed a motion for reconsideration in which it asked for an extension of time to respond to the motion to dismiss. Because the superior court did not rule on that request, we reverse the judgment and remand for further proceedings.

2. Judgment was entered against Rev in the superior court, but because Rev did not participate in the appeal, we amend this court's caption accordingly.

3. The motion to dismiss was served by mail. If it were treated as a motion for summary judgment, Strategic's response to the motion would have been due May 30, 2008 in the ordinary course. *See* Rule 56(c); Rule 6(e).

from filing a Reply on its Motion for Reconsideration. No other reading is plausible."

¶ 6 After entry of final judgment, Strategic timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

### A. The Court Was Not Required to Treat the Rule 12(b)(6) Motion as a Motion for Summary Judgment.

¶ 7 Rule 12(b) states that if, in a motion to dismiss for failure to state a claim:

matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*See Frey v. Stoneman,* 150 Ariz. 106, 109, 722 P.2d 274, 277 (1986).

¶ 8 In *Brosie v. Stockton,* 105 Ariz. 574, 468 P.2d 933 (1970), our supreme court explained that this rule applies to a motion to dismiss for failure to state a claim that is "supported by extra-pleading material." *Id.* at 576, 468 P.2d at 935 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1366, at 676 (1st ed. 1969)). But the rule does not require summary judgment treatment of a motion that attaches "extraneous matters [that] neither add to nor subtract from the deficiency of the pleading." *Id.* Likewise, Rule 56 treatment is not required when the court does not rely on the proffered extraneous materials. *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir.1996); *see Brosie,* 105 Ariz. at 576, 468 P.2d at 935 (no conversion necessary when extraneous material was "unnecessary to the final outcome").

¶ 9 Partners' motion to dismiss was directed at each of the three claims in Strategic's complaint. The complaint's first claim for relief alleged breach of a contract that was attached as an exhibit to the complaint. Partners' motion argued the claim should be dismissed because Partners was not a party to the contract; it pointed out that the contract was between Strategic and Rev and contained no mention of Partners.

¶ 10 We reject Strategic's argument that by referring to the contract, the motion to dismiss "presented" the court with "matters outside the pleading" within the meaning of Rule 12(b). A Rule 12(b)(6) motion that refers to a contract or other document attached to the complaint does not trigger Rule 56 treatment pursuant to Rule 12(b) because the referenced matter is not "outside the pleading" within the meaning of the rule. *See* Ariz. R. Civ. P. 10(c) ("copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes"); *Biltmore Assoc., LLC v. Twin City Fire Ins. Co.,* 572 F.3d 663, 665 n. 1 (9th Cir.2009) (interpreting Federal Rule of Civil Procedure 12(b), which is identical in all relevant respects to the Arizona rule).[4]

¶ 11 The second claim in the complaint alleged unjust enrichment. Partners' motion to dismiss argued that as a matter of law, when a contractor performs work under a contract with a lessee and the lessee fails to pay, the contractor may not seek restitution from the landlord.[5] Strategic contends that by moving to dismiss the unjust enrichment claim, Partners necessarily argued it had not benefitted from the improvements that Strategic constructed, thereby raising a question of fact. But Partners' motion to dismiss assumed the truth of the allegations in the complaint and argued the claim failed as a matter of law. *See Gatecliff v. Great Repub-*

---

4. The motion to dismiss argued that "[t]he Complaint does not plead any representations or assurances made directly by the owner." Strategic contends this assertion took the motion beyond the complaint. But the referenced portion of the motion did not rely on a matter outside the complaint; it only pointed to a deficiency in the complaint.

5. Partners' motion cited for this proposition *Columbia Group, Inc. v. Homeowners Ass'n of Finisterra, Inc.,* 151 Ariz. 299, 302, 727 P.2d 352, 355 (App.1986); *Stratton v. Inspiration Consol. Copper Co.,* 140 Ariz. 528, 531, 683 P.2d 327, 330 (App.1984); *Advance Leasing & Crane Co. v. Del E. Webb Corp.,* 117 Ariz. 451, 452–53, 573 P.2d 525, 526–27 (App.1977), and Restatement of Restitution § 110 (1937).

*lic Life Ins. Co.,* 154 Ariz. 502, 508, 744 P.2d 29, 35 (App.1987) (in ruling on a Rule 12(b)(6) motion, court is required to assume the truth of all well-pleaded allegations in the complaint).

¶ 12 Finally, Strategic argues Partners' motion included matters extrinsic to the complaint because it referenced the particulars of the lien on which Strategic's third claim for relief was based. In that claim, Strategic sought foreclosure of a mechanic's lien it had recorded against the property for the amount due on its contract with Rev. The notice of lien was not appended to the complaint, and Partners' motion likewise attached neither a copy of the notice of lien nor a copy of the preliminary twenty-day notice of lien. Nevertheless, the motion argued the claim should be dismissed because Strategic's preliminary notice was untimely and its notice of lien failed to attach a copy of the preliminary notice.[6] Strategic contends that by arguing that the notice of lien and preliminary notice were defective, Partners "presented" to the court "matters outside the pleading" that required the court to treat the Rule 12(b)(6) motion as a motion for summary judgment.

■ ¶ 13 Contrary to Strategic's argument, however, a Rule 12(b)(6) motion that presents a document that is a matter of public record need not be treated as a motion for summary judgment. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1276 (11th Cir.1999); *Sebastian v. United States,* 185 F.3d 1368, 1374 (9th Cir.1999); *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir.1997); *Velazquez Arroyo v. MCS Life Ins. Co.,* 418 F.Supp.2d 11, 14 (D.P.R.2006) (exception applies to "official public records"); *Intermedics, Inc. v. Ventritex, Inc.,* 775 F.Supp. 1258, 1261 (N.D.Cal.1991) ("records and reports of administrative bodies" and "matters of general public record"). Prior to commencing suit, Strategic had recorded its notice of and

claim of lien in the Maricopa County Recorder's Office. The lien thus became a matter of public record that the court could consider without converting the Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 56.

■ ¶ 14 The lien also fell within another exception to the conversion rule that applies to matters that, although not appended to the complaint, are central to the complaint. *See Alternative Energy, Inc.,* 267 F.3d at 33 (a "narrow exception" to the conversion rule encompasses " 'documents central to plaintiffs' claim' ") (quoting *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993)). The rationale underlying the conversion rule is that a plaintiff must be given an opportunity to respond when a motion to dismiss for failure to state a claim includes material extraneous to the complaint. That purpose is not served, however, by applying the rule to a motion that cites a document that is central to the complaint. "When a complaint relies on a document, ... the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196–97 (3d Cir.1993) (Rule 56 treatment not required when Rule 12(b)(6) motion attached "undisputedly authentic" copy of contract that was the subject of the complaint even though contract was not attached to complaint).

¶ 15 Because Partners' Rule 12(b)(6) motion did not present material extraneous to the complaint under the authorities cited above, the superior court was not required to treat it as a motion for summary judgment pursuant to Rule 56.

## B. The Superior Court Did Not Abuse Its Discretion in Granting the Motion to Dismiss.

¶ 16 We review the superior court's grant of a motion to dismiss for an abuse of discre-

---

6. The motion cited A.R.S. §§ 33–992.01(B) (service of "written preliminary twenty day notice" is prerequisite to valid mechanics' lien), – 992.01(C) (preliminary notice "shall be given not later than twenty days after the claimant has first furnished labor, professional services, materials,

machinery, fixtures or tools to the jobsite ..."), – 992.02 (methods of proof of service of preliminary notice) and –993(A)(6) (copy of preliminary notice "shall be attached" to notice of claim of lien).

tion. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 180, ¶ 16, 181 P.3d 219, 227 (App.2008).

¶ 17 Pursuant to Rule 7.1(a), the non-moving party must respond to a Rule 12(b)(6) motion within ten days. If the non-moving party does not timely respond, the superior court has discretion to grant the motion summarily. Ariz. R. Civ. P. 7.1(b); *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 260, 469 P.2d 493, 494 (1970). Because Strategic failed to file a timely response to the motion to dismiss, the court had the power to grant the motion for that reason alone. Ariz. R. Civ. Proc. 7.1(b). We cannot conclude the court abused its discretion in summarily granting Partners' motion in the absence of a response. *See Arnold v. Van Ornum*, 4 Ariz.App. 89, 90–91, 417 P.2d 723, 724–25 (1966).[7]

## C. The Court Did Not Abuse Its Discretion by Denying the Motion for Reconsideration.

¶ 18 Strategic argues it was preparing its response to Partners' motion to dismiss and "awaiting further instructions from the trial court" when it received the order granting the motion to dismiss. It argues the court denied its motion for reconsideration because it held Strategic was required but failed "to seek permission, authorization or an order" converting Partners' motion to dismiss to a motion for summary judgment.

¶ 19 But the court did not deny Strategic's motion for reconsideration because Strategic had not sought an order converting the motion to dismiss into a motion for summary judgment. The court denied the motion for reconsideration because, even though Strategic argued the motion to dismiss should be treated as a motion for summary judgment, Strategic did not respond to the motion within the time permitted for a response to a motion for summary judgment.[8]

¶ 20 Contrary to Strategic's argument, a party served with a Rule 12(b)(6) motion may not wait to respond until the court signals whether it will treat the motion as a motion for summary judgment. To be sure, Rule 12(b) makes plain that a court may not grant a Rule 12(b)(6) motion that requires the court to consider matters outside the complaint unless the court gives the non-moving party a "reasonable opportunity" to submit controverting materials.

¶ 21 Some authorities have held this means a court must give notice to the non-moving party when it intends to treat a Rule 12(b)(6) motion as a motion for summary judgment. In *Gatecliff*, for example, we reversed the superior court's order granting a motion to dismiss because the court relied on an affidavit attached to the motion after it initially had advised the parties that it would not consider the affidavit. 154 Ariz. at 508–09, 744 P.2d at 35–36. Under those circumstances, we held the court erred by failing to permit the plaintiff an "adequate chance" to rebut the affidavit. *Id.* Because Rule 12(b) requires the plaintiff be permitted to offer matters pertinent to a Rule 12(b)(6) motion that presents material outside the complaint, we noted that the rule necessarily "includes the right to some indication from the court that it is treating the Rule 12(b)(6) motion as one for summary judgment." *Id.* at 508, 744 P.2d at 35, citing *Dale v. Hahn*, 440 F.2d 633, 638 (2d Cir.1971).[9]

7. If Partners' motion to dismiss were required to be treated as a motion for summary judgment, however, the superior court could not have granted it summarily based solely on Strategic's failure to respond. *See Schwab v. Ames Const.*, 207 Ariz. 56, 59, ¶ 15, 83 P.3d 56, 59 (App.2004) ("A failure to respond to a motion for summary judgment with a written memorandum or opposing affidavits cannot, by itself, entitle the moving party to summary judgment."). When the non-movant fails to respond to a motion for summary judgment, the superior court may grant the motion only if it is supported by the record pursuant to Rule 56(c)(1). *Schwab*, 207 Ariz. at 59–60, 83 P.3d at 59–60.

8. Pursuant to Rule 56(c), a response to a summary judgment motion is due within 30 days after service. But by July 11, when the court ruled on Strategic's motion for reconsideration, 77 days had passed since the filing of Partners' motion without a response.

9. Other authorities hold that although notice is required, failure to give such notice does not require reversal if the non-moving party is not prejudiced. *See Equal Employment Opportunity Comm'n v. Green*, 76 F.3d 19, 24 (1st Cir.1996) (express notice required but failure to give such notice is excused if it is harmless); *Clark v. Tarrant County, Texas*, 798 F.2d 736, 745–46 (5th

¶ 22 Nevertheless, although Rule 12(b) prevents entry of judgment without fair notice and an opportunity to respond to a motion that relies on extraneous matters, the rule does not relieve the non-moving party of the obligation to timely respond to the motion. Thus, when a Rule 12(b)(6) motion is not subject to conversion under Rule 12(b), the non-moving party must file its response (pursuant to Rule 7.1(a) and absent order of the court) within ten days after service. And if the nature of the Rule 12(b)(6) motion makes plain that it should be converted (if, for example, the motion attaches documents entirely outside the complaint), the non-moving party must file its response (pursuant to Rule 56(a)) within 30 days.

¶ 23 A party uncertain about whether a Rule 12(b)(6) motion will be treated as a motion for summary judgment pursuant to Rule 12(b) may confer with the moving party about a briefing schedule to be presented to the court. Or it may respond to the motion within ten days pursuant to Rule 7.1(a) and ask the court in its response for more time to present additional materials if the court determines to treat the motion as a motion for summary judgment.[10] But the non-moving party may not simply fail to respond, as Strategic did in this case.

### D. Motion for Extension of Time.

■ ¶ 24 In its motion for reconsideration, Strategic asked leave to file a response

to Partners' motion to dismiss by June 30, 2008 (66 days after the motion to dismiss was filed). Whether to grant an extension of time is within the discretion of the court. *See* Ariz. R. Civ. P. 6(b) (after specified period to act expires, court may extend time upon showing of excusable neglect); *see Findlay v. Lewis,* 172 Ariz. 343, 346–47, 837 P.2d 145, 148–49 (1992) (appellate court will not substitute its judgment for the superior court's management of its docket in determining whether to grant motion for extension of time).

¶ 25 In an apparent oversight, the superior court did not address Strategic's request for more time to respond to the motion to dismiss. Indeed, without noting Strategic's request, the court faulted the company for failing to timely respond to Partners' motion. Because the court did not address the request for an extension of time, we reverse and remand the judgment to permit the court the opportunity to consider the request.[11]

### CONCLUSION

¶ 26 For the foregoing reasons, we reverse the judgment against Strategic in favor of Partners and remand for further proceedings

---

Cir.1986) (same); *In re G. & A. Books, Inc.,* 770 F.2d 288, 294–95 (2d Cir.1985) (issue is whether non-moving party "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings"); *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan,* 662 F.2d 641, 645 (9th Cir.1981) ("primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context"); *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 392–93 (6th Cir.1975) (failure to give notice may require reversal only if plaintiff is surprised); *Johnson v. RAC Corp.,* 491 F.2d 510, 514 (4th Cir.1974) (reversing because district court failed to give either notice of its intent to convert the motion or a "reasonable opportunity" for plaintiff to provide facts to counter affidavit attached to Rule 12(b)(6) motion).

**10.** We do not mean to impose on superior court judges the obligation to review every Rule 12(b)(6) motion immediately upon filing and inform the parties of how it intends to treat it. In some cases, however, if the nature of the motion is not plain and the parties cannot agree on whether Rule 56 treatment is required pursuant to Rule 12(b), counsel may contact the court together to seek its guidance.

**11.** Strategic argued it did not respond to Partners' motion to dismiss because the superior court's June 10, 2008 minute entry barred it from filing a response. Not so. Rather, as the court later observed in denying Strategic's Rule 60(c)(1) motion, the June 10 minute entry merely ordered that Strategic not file a reply in support of its motion for reconsideration. We agree with the superior court's conclusion that "[n]o other reading is plausible."

consistent with this Opinion.[12]

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and JON W. THOMPSON, Judge.

---

12. Because we reverse the judgment, we need not address Strategic's argument that the court erred by denying its motion for relief from judgment pursuant to Rule 60(c).