NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PHILLIP WOOLBRIGHT,
*Plaintiff/Appellant*,

*v.*

DR. GARY M. PRINCE, M.D., and
GARY M. PRINCE, M.D., P.C., an
Arizona professional corporation,
*Defendants/Appellees*.

No. 1 CA-CV 14-0544
FILED 3-29-2016

---

Appeal from the Superior Court in Maricopa County
No.  CV2013-070135
The Honorable Eileen S. Willett, Judge, Retired

**AFFIRMED AS MODIFIED**

---

COUNSEL

Law Office of Charles W. Bassett, PLLC, Chandler
By Charles W. Bassett
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli, PLC, Phoenix
By Eileen Dennis GilBride
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1**        Phillip Woolbright appeals the superior court's judgment dismissing his claims with prejudice.  For the reasons that follow, we affirm the judgment, as modified.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Woolbright sued Dr. Gary M. Prince, M.D., and Gary M. Prince, M.D., P.C. (collectively, "Appellees"), alleging medical malpractice, defamation and violation of the Health Insurance Portability and Accountability Act ("HIPAA").  Woolbright's claims arose out of Prince's involvement as a witness in Woolbright's dissolution and custody proceedings.  At the request of Woolbright's ex-wife, Prince, a psychiatrist, had interviewed the couple's four children on several occasions and submitted his findings to the court.

**¶3**        Appellees specially appeared to file a motion to dismiss, arguing Woolbright's claims had abated and that the complaint failed to state a claim upon which relief could be granted.  After Woolbright did not timely respond to the motion to dismiss, the superior court granted the motion, later striking Woolbright's untimely response.  Woolbright then unsuccessfully moved for reconsideration.  Woolbright timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016).[1]

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

**DISCUSSION**

A.    **Dismissal of the Complaint.**

1.    **General principles.**

¶4        The superior court's order dismissing the complaint does not specify the precise basis for its decision, but we will affirm the dismissal if it is correct for any reason. *See Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10 (App. 2014).

¶5        We review the dismissal of a complaint for failure to state a claim *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). Dismissal is appropriate only if the plaintiff would not be entitled to relief under any facts susceptible of proof. *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006). We must assume the truth of all well-pled factual allegations and resolve all reasonable inferences in the plaintiff's favor, but "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

2.    **The medical malpractice claim.**

¶6        Woolbright's complaint alleged Prince committed medical malpractice when he examined the children and "prescribed treatments" for them without his knowledge or consent. The complaint alleged Prince thereby damaged Woolbright's relationship with his children and negatively affected the custody determination in the dissolution proceeding.

¶7        To sustain a claim for medical negligence, a plaintiff must prove "the existence of a duty, a breach of that duty, causation, and damages." *Seisinger v. Siebel*, 220 Ariz. 85, 94, ¶ 32 (2009). Whether such a duty exists is a question of law that we review *de novo*. *Stanley v. McCarver*, 208 Ariz. 219, 221, ¶ 5 (2004). Although a doctor-patient relationship imposes a duty on the doctor, "[a] duty may arise even in the absence of a formal relationship." *Ritchie v. Krasner*, 221 Ariz. 288, 295, ¶ 12 (App. 2009).

¶8        Woolbright concedes Prince had no doctor-patient relationship with him, but argues Prince owed him a duty by virtue of Prince's involvement in Woolbright's dissolution and custody proceedings. Woolbright largely relies on *Stanley*, in which our supreme court held a duty was imposed on a radiologist who reviewed the plaintiff's chest x-ray as part of a pre-employment screening. *Stanley*, 208 Ariz. at 223, ¶¶ 13-14. Woolbright's reliance on *Stanley*, however, is misplaced. Although the

doctor in *Stanley* examined the plaintiff's chest x-ray at the request of the plaintiff's employer, the doctor effectively undertook to treat the plaintiff when he did so. The court noted:

> [Defendant] undertook a professional obligation with respect to [plaintiff's] physical well being. Having placed himself in such a position, his special skill and training made him aware of abnormalities in the x-ray that one lacking such training could not observe. . . . By virtue of his undertaking to review [plaintiff's] x-ray, [defendant] placed himself in a unique position to prevent future harm to [plaintiff].

*Stanley*, 208 Ariz. at 223, ¶¶ 13-14.

**¶9** The nature of the duty Woolbright alleges is very different. He alleges Prince assumed a duty to him by examining the children and submitting his professional opinion to the court hearing the dissolution. Prince's alleged examination of the children may have created a duty to the children akin to that found in *Stanley*, but Woolbright cites no authority for the proposition that the conduct he alleges would create a duty to a parent.[2]

**¶10** Woolbright also alleged he did not consent to having Prince examine the children. But on appeal, Woolbright concedes Prince's services were obtained at the request of Woolbright's ex-wife. Although he argues guidelines for court-involved therapy suggest therapists should consult both parents of a child before initiating treatment, Woolbright offers no legal authority for his argument that a mental-health practitioner has a legal duty to obtain formal consent of both parents before undertaking treatment of a child. As Appellees point out, A.R.S. § 36-2272 (2016) prohibits mental health treatment of a minor "without first obtaining the written or oral consent of a parent or legal custodian of the minor child." A.R.S. § 36-2272(A). Because Woolbright concedes his ex-wife consented to the alleged treatment, he cannot establish Prince breached a duty owed to him by failing to obtain his consent to examine the children.

---

[2] To be sure, parents may bring a negligence action on behalf of their children, but in such a case, the claim arises from the duty owed by the treating doctor to the patient-child, not from a duty owed to the parents. *See, e.g.*, *Perguson v. Tamis*, 188 Ariz. 425 (App. 1996) (surviving parents of patient brought medical malpractice action on daughter's behalf). Woolbright's complaint contained no such claim.

### 3. The defamation claim.

**¶11**       Woolbright's complaint also alleged Prince "made written false factual statements about [Woolbright] and communicated them to the public and others knowing or should have known [sic] that those false statements would cause [Woolbright or his children] harm." In support of his allegations, the complaint attached opinion letters written by Prince detailing his interviews with the children.

**¶12**       Statements made during judicial proceedings are absolutely privileged. "A witness is generally afforded an absolute privilege when testifying in a judicial proceeding." *Burns v. Davis*, 196 Ariz. 155, 159, ¶ 4 (App. 1999); *see Green Acres Tr. v. London*, 141 Ariz. 609, 613 (1984). The privilege applies to witness testimony and reports and consultations "that are relevant to litigation and are prepared 'as preliminary steps in the institution or defense of a case.'" *Yeung v. Maric*, 224 Ariz. 499, 501-02, ¶¶ 10-11 (App. 2010) (quoting *Darragh v. Superior Court*, 183 Ariz. 79, 82 (App. 1995)).

**¶13**       Woolbright's defamation claim is based on Prince's opinion letters submitted to the court during the custody proceeding, and contrary to Woolbright's contention, the privilege exists regardless of whether the court appointed Prince as an expert in that proceeding. Because the opinion letters attached to the complaint directly bore on the dissolution proceeding, they are absolutely privileged, and as a result, Woolbright's defamation claim fails to state a claim.

### 4. The alleged HIPAA violations.

**¶14**       Woolbright also alleged Appellees released information about him and his children to the public in violation of HIPAA. As Appellees correctly point out, however, HIPAA provides no private right of action. *See Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). For that reason, Woolbright's claim under HIPAA fails as a matter of law.

## B.   Other Arguments.

**¶15**       Woolbright also argues the court should have treated the motion to dismiss as a motion for summary judgment pursuant to Arizona Rule of Civil Procedure 12(b), which would have allowed him a longer time to file a response. Rule 12(b) provides that if a motion to dismiss for failure to state a claim presents "matters outside the pleading . . . and not excluded by the court, the motion shall be treated as one for summary judgment and

disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ariz. R. Civ. P. 12(b). The rule, however, "does not require summary judgment treatment of a motion that attaches 'extraneous matters [that] neither add to nor subtract from the deficiency of the pleading.'" *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63, ¶ 8 (App. 2010) (quoting *Brosie v. Stockton*, 105 Ariz. 574, 576 (1970)).

¶16 Woolbright argues the motion to dismiss went beyond the allegations in the complaint because it discussed his dissolution proceeding and cited court materials relating to that proceeding. The allegations in Woolbright's complaint, however, centered on Prince's evaluation of the children in connection with the dissolution. The documents Appellees filed with their motion to dismiss, all from the public record, concerned the dissolution, including the same opinion letters that Woolbright filed with his complaint. For this reason, the court was not required to treat the motion to dismiss as a motion for summary judgment. *See Strategic*, 224 Ariz. at 64, ¶ 13 ("[A] Rule 12(b)(6) motion that presents a document that is a matter of public record need not be treated as a motion for summary judgment.").[3]

¶17 Woolbright also argues the court erred by striking his response to the motion to dismiss because he demonstrated excusable neglect for its untimely filing. This argument presumes the court granted the motion to dismiss because Woolbright did not timely respond. *See* Ariz. R. Civ. P. 7.1(b) ("[I]f the opposing party does not serve and file the required answering memorandum . . . such non-compliance may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily.") Because we affirm dismissal of the complaint on the merits for failure to state a claim, we need not address this argument.

¶18 Finally, Woolbright argues the superior court erred by failing to grant him leave to amend. But leave to amend need not be granted when it would be futile. *See Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 597 (App. 1991). Given Woolbright's concession that he had no doctor-patient relationship with Prince, leave to amend his negligence claim against Prince would be futile. As for the defamation claim, Woolbright argues Prince defamed him by making statements outside the dissolution proceeding that would be unprotected by the judicial-proceeding privilege. Accordingly,

---

[3] Woolbright also fails to identify any evidence he would have offered in response to Appellees' motion to dismiss, had the court given him notice it was going to treat the motion as one for summary judgment.

the order of dismissal should have granted Woolbright leave to amend his defamation claim to allege that Prince defamed him by making statements not protected by the privilege afforded to statements made in judicial proceedings. For that reason, we affirm the judgment of dismissal of the defamation claim but modify the judgment so that the dismissal of the defamation claim is without prejudice.

## CONCLUSION

**¶19**        For the foregoing reasons, we affirm the superior court's judgment, except that we modify the judgment to provide that the dismissal of the defamation claim is without prejudice.



Ruth A. Willingham · Clerk of the Court
FILED: ama

7