NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ERICA WHITE WILSON, *Plaintiff/Appellant*,

*v.*

BEN CANDLER, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0610
FILED 3-17-2022

Appeal from the Superior Court in Maricopa County
No. CV2021-010595
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Erica White Wilson, Mesa
*Plaintiff/Appellant*

Law Offices of Choate & Wood, Oklahoma City, Oklahoma
By Kelsey P. Dressen, Robert W. Fischer, III
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

**C R U Z**, Judge:

¶1          Plaintiff Erica White Wilson appeals the dismissal of her complaint against defendants Ben Candler and his insurer, Farmers Insurance Company of Arizona ("Farmers"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Wilson sued Candler, who was her landlord, and Farmers, alleging she was injured on Candler's property. Candler and Farmers moved for dismissal under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. Candler and Farmers argued that Wilson had not identified alleged acts or omissions by Candler and thus had not asserted any valid claims. Nor had she plead specific dates underlying any such claims, thereby precluding any determination of whether the complaint was timely. Wilson failed to respond to the motion and the superior court summarily dismissed the complaint. Wilson timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶3          Wilson's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. Among other things, it contains no statement of the case, no statement of facts with appropriate references to the record and no citations to legal authorities supporting any arguments she asserts. *See* ARCAP 13(a)(4), (5), (7). This court may dismiss an appeal when the appellant fails to comply with the rules. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984).

¶4          Even if we were to overlook the deficiencies of the opening brief, Wilson has shown no error by the superior court summarily granting the motion to dismiss "in the absence of a response." *Strategic Dev. & Constr. Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65, ¶ 17 (App. 2010). Under Rule 7.1(a)(3), the non-moving party must respond to a Rule 12(b)(6) motion within ten days. If the non-moving party does not timely respond, the superior court may summarily grant the motion. Ariz. R. Civ. P. 7.1(b)(2). Wilson failed to respond to the motion to dismiss, and she has shown no abuse of discretion in the superior court's summary dismissal of the complaint.

¶5        Candler and Farmers request costs pursuant to A.R.S. §§ 12-341, -342(A).   As the prevailing parties they are entitled to costs upon compliance with ARCAP 21(b).

## CONCLUSION

¶6        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA