NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FRANK PINEDA, a man,
*Plaintiff/Appellant*,

*v.*

JOHANNA MARIE TAYLOR; RIKKI JORGENSEN; JACQUI MEADOWS;
BRIGHTON JORGENSEN; WILLIAM WOLFF,
*Defendants/Appellees*.

No. 1 CA-CV 25-0070
FILED 01-26-2026

Appeal from the Superior Court in Coconino County
No. S0300CV202300619
The Honorable Brent Davidson Harris, Judge *Pro Tempore*
The Honorable Elaine Fridlund-Horne, Judge, *Retired*

**AFFIRMED**

APPEARANCES

Frank Pineda, Flagstaff
*Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By William D. Holm, Anthony J. Julian, Arcangelo S. Cella
*Counsel for Defendant/Appellee Johanna Marie Taylor*

Rikki Jorgensen, El Mirage
*Defendant/Appellee*

Jacqui Meadows, Portland, Tennessee
*Defendant/Appellee*

Brighton Jorgensen, Phoenix
*Defendant/Appellee*

William Wolff, Glendora, California
*Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Andrew M. Becke joined.

---

**B R O W N**, Judge:

¶1 Frank Pineda ("Pineda") appeals from the superior court's order granting judgment on the pleadings in favor of Johanna Marie Taylor ("Taylor"). For the reasons below, we affirm.

## BACKGROUND

¶2 Pineda and Taylor were in a domestic relationship for many years. Though Pineda says that he and Taylor are married, she denies it, and he has not provided a marriage certificate.

¶3 In 2010, Pineda bought a property in Flagstaff, Arizona. Nine years later, he conveyed the property to Taylor by quitclaim deed. During their relationship, the parties owned and operated multiple businesses, including Miracles Electrical Contractors, Inc. ("Company").

¶4 In May and November of 2020, Taylor obtained two orders of protection against Pineda. Taylor later sold the Flagstaff property along with various items of personal property allegedly owned by Pineda.

¶5 In December 2023, Pineda filed a 112-page complaint alleging numerous claims against Taylor relating to ownership of the Flagstaff property and certain personal property items. The claims included breach

of fiduciary duty, abuse of process, malicious prosecution, conversion, unjust enrichment, fraudulent concealment, fraud, civil conspiracy, and promissory estoppel.  He requested a temporary injunction, a temporary order of protection, and rescission.  Taylor filed a pro se answer, denying Pineda's allegations and claims for relief.

¶6          After hiring counsel and with the superior court's approval, Taylor filed an amended answer.  On April 23, 2024, Taylor moved for judgment on the pleadings, arguing Pineda's complaint failed to satisfy basic pleading standards and did not raise any legally viable claims.  On May 10, Pineda filed a motion asking the court to take judicial notice of various documents from governmental agencies, presumably to support his complaint and to support his allegation that he and Taylor were married in Nevada.  The motion also included a request for Taylor to file a "response in substance" to the complaint.  Because Pineda did not file a response to the motion for judgment on the pleadings, Taylor filed a notice explaining that the motion was "ripe for decision in her favor."

¶7          The superior court then issued an order striking "all counts/claims" in Pineda's complaint except Count III (conversion and unjust enrichment).  The court gave Taylor 20 days to file a supplemental answer to address Count III and to allege any affirmative defenses.  After Taylor filed her supplemental answer and the case was re-assigned to a different judge, the court granted the motion for judgment on the pleadings, dismissing Pineda's complaint with prejudice as to all defendants.  A final judgment was entered and Pineda timely appealed.  We have jurisdiction under A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

¶8          As best we can tell, Pineda seems to argue the superior court erred by dismissing his claims against Taylor because she improperly interfered with his property rights by selling property that belonged to him.  Thus, arguably he has raised an issue whether the court erred in granting judgment on the pleadings as to Count III.  Pineda, however, has not argued the initial judge erred by striking the remaining counts.  Thus, he has abandoned any issues concerning that ruling. *See Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 17 (App. 2004) ("Generally, we will consider an issue not raised in an appellant's opening brief as abandoned or conceded.").

¶9          We also note that the superior court granted motions to dismiss filed by defendants Brighton Jorgenson, Rikki Jorgenson, and

Jacqui Meadows, and later confirmed the dismissal of all defendants, including William Wolff, when it granted Taylor's motion for judgment on the pleadings. Because Pineda has raised no issues in his opening brief challenging the dismissal of those four defendants, he has abandoned any claim that the court erred in dismissing his claims against them. *See Robert Schalkenbach Found.*, 208 Ariz. at 180, ¶ 17.

**¶10** Turning to Taylor's motion for judgment on the pleadings relating to Count III, because Pineda did not file a response, it was within the superior court's discretion to grant the motion solely on that basis. *See* Ariz. R. Civ. P. 7.1(b); *Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65, ¶ 17 (App. 2010) ("Because Strategic failed to file a timely response to the motion to dismiss, the court had the power to grant the motion for that reason alone.").

**¶11** Also, Pineda's briefing fails to comply in any meaningful way with the rules governing appellate brief preparation. *See* ARCAP 13(a)(5), (7) (opening brief arguments must contain "references to the record on appeal where the particular issue was raised and ruled on, and the applicable standard of appellate review with citation to supporting legal authority"). Although Pineda represents himself, he must comply with the same standards as attorneys. *See Flynn v. Campbell*, 243 Ariz. 76, 83–84, ¶ 24 (2017).

**¶12** Pineda's lack of compliance here means he has waived any issues or arguments relating to the superior court's judgment. *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) ("An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority.") (internal quotation marks and citation omitted). For example, he has failed to: (1) include any substantive argument section, instead referring this court to an argument section that does not exist, (2) cite any supporting authority, and (3) cite relevant portions of the superior court record. Given that Pineda's briefing does not reasonably comply with any aspect of ARCAP 13, he has waived any challenge to the superior court's ruling and has abandoned his appeal. *See id.* at 523, ¶ 11.

**CONCLUSION**

¶13        We affirm.

