NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MITCHELL L. PEARCE, Special
Administrator of the Estate of
JACQUELINE B. PEARCE, *Plaintiff/Appellant*,

*v.*

CITY OF YUMA, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0574
FILED 12-5-2017

Appeal from the Superior Court in Yuma County
No. S1400CV201600419
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

Mitchell L. Pearce, Fountain Valley, CA
*Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By Lori L. Voepel
*Co-Counsel for Defendants/Appellees*

Yuma City Attorney's Office, Yuma
By Rodney Short
*Co-counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

---

**T H O M P S O N**, Judge:

¶1        Jacqueline Pearce[1] appeals the trial court's order dismissing her lawsuit against the City of Yuma, and the City of Yuma's Mayor and City Council (collectively, City Appellees).  We affirm the order.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Pearce filed a complaint on June 14, 2016 seeking declaratory and mandamus relief for alleged violations of Arizona Revised Statutes (A.R.S.) section 28-7201, *et seq.* (disposition of public roadways).  The complaint asserted that the City of Yuma's legislative approval of the Desert Ridge Subdivision Phase 4 in July 2001 cut off access to Pearce's property via a "strip of Avenue 8E" due to abandonment, improper disposal, and physical occupation.  However, exhibits provided to the trial court through their attachment to Pearce's own complaint illustrated that the City's approval of the development never implicated her property in any fashion.

¶3        The City Appellees moved to dismiss the complaint pursuant to Arizona Rules of Civil Procedure (Rule) 12(b)(1), 12(b)(6), 12(b)(7) and 19.  After briefing was complete, but without oral argument, which was requested by neither party, the trial court granted the motion.

¶4        Within the court's order, it concluded that Pearce's assertions in her lawsuit "lack[ed] the prima facie showing of minimal detail necessary to satisfy 'injury in fact' [or to show a] 'sufficient concrete interest at stake.'"  Pearce made no further filings in the trial court.  The court issued a final judgment pursuant to Rule 54(c) and we have jurisdiction over

---

[1]        This appeal was initially filed by Jacqueline Pearce.  Jacqueline subsequently passed, and the appeal was maintained by Mitchell L. Pearce, in her place, as the Special Administrator of her estate.

Pearce's timely appeal pursuant to A.R.S. §§ 12-2101(A)(1) (2016) and -1837 (2016).

## DISCUSSION

**¶5** Pearce raises various issues on appeal, and "requests this court grant any and all relief it deems proper under the circumstances." Pearce's arguments, however, are all either unsupported by the record, waived, or without merit.

## I.    Dismissal of Pearce's Complaint

**¶6** In her opening brief, Pearce avers that (1) the trial court violated her procedural due process rights by dismissing her complaint without a notice of hearing and opportunity to be heard; and (2) City Appellees' trial attorney committed fraud upon the court by making "imaginary statements" to the court, and participating in a purported "ex parte hearing" with the trial court, without providing Pearce notice of the hearing or providing the court with facts favorable to Pearce.

**¶7** Within her reply brief, Pearce, for the first time, challenges the substance of the court's order dismissing the complaint. She additionally argues that "the order granting the motion to dismiss is not an appealable judgment" because she believes it dismisses her complaint for grounds upon which the City Appellees' motion to dismiss was not premised. She also argues that the trial court's order does not "fully" address the material facts raised within her complaint and considered information that, in effect, converted the motion to dismiss to a Rule 56 motion for summary judgment. While this court generally does not consider issues raised for the first time in an appellant's reply brief,[2] to the extent the issues raised within Pearce's reply brief constitute an extension of her violation of procedural due process claim raised in the opening brief, we consider them.

**¶8** As a preliminary matter, nothing in the record supports Pearce's claims of "fraud on the court," or that any "ex parte hearing" took place. Apart from the lack of any record support, because she raises these claims for the first time on appeal, they are waived. *See Banales v. Smith*, 200 Ariz. 419, 420, ¶ 8 (App. 2001) (finding that a failure to raise an issue with the trial court waives the issue on appeal); *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 406 n.9 (1995) (noting a "rare exception" to the waiver rule

---

[2]    *See, e.g.*, *Marco C. v. Sean C.*, 218 Ariz. 216, 219 n.1, ¶ 8 (App. 2008) (citing *Ariz. Dep't of Revenue v. Ormond Builders, Inc.*, 216 Ariz. 379, 385 n.7 (App. 2007)).

where a "good reason exists," such as when the issue raised is a constitutional argument which is "fundamental, affect[s] an entire body of legislation, and ha[s] been advanced in other cases but not squarely decided").

¶9             The dispositive issue within this appeal is whether the trial court properly dismissed Pearce's complaint. We review de novo the trial court's grant of a motion to dismiss, *Coleman v. City of Mesa,* 230 Ariz. 352, 355, ¶ 7 (2012), and find that the trial court properly disposed of Pearce's nonviable complaint.

¶10           In substance Pearce argues she had a right to a hearing or oral argument. However, she did not request an oral argument, and was not entitled to one, even if she had made such a request. Further, the superior court did not err, violate Pearce's due process right, or conduct an ex parte proceeding by granting the motion to dismiss without a hearing or oral argument. Pursuant to Rule 7.1(c), "the court at any time or place, and on such notice, if any, as the court considers reasonable, may make orders for the advancement, conduct, and hearings of motions."

¶11           The record shows that the court considered the City Appellees' argument raised within their motion to dismiss that "[Pearce's] Complaint fails to allege a 'justiciable controversy' or 'injury in fact.'" The court also appeared to have considered the City Appellees' assertion that documents attached to Pearce's complaint show she did not otherwise have a legal right of access across the property her complaint alleges she was deprived of through the actions of the City of Yuma. As noted, such documents were submitted with Pearce's complaint. Pearce also submitted a response to the City Appellees' motion to dismiss wherein she effectively conceded not having had legal access across the subject property.

¶12           In ruling on the motion, the trial court found:

> [T]he documents [attached to Pearce's complaint] show no one can get access to Desert Ridge Subdivision from Plaintiff's property without first crossing the railroad property. Finally, those documents show *there is no Avenue 8E access* across the railroad property from Plaintiff's property to Desert Ridge Subdivision.

(Emphasis added.) The court noted that in her response to the motion, Pearce speculatively argued "that there is a possibility she could have the necessary authority create the missing access at some time in the future, she could have secured that access in the past and that her ability to obtain

4

access has been impaired." As permitted by Rule 7.1(c), the court determined Pearce's complaint insufficient and granted the motion to dismiss.

**¶13**     We are additionally unconvinced by Pearce's argument that, in dismissing her complaint, the trial court may have considered materials that effectively converted the City Appellees' motion to dismiss into a Rule 56 motion. Pearce's "evidence" in this regard is that (1) the word "railroad," which appeared only once in her complaint, "is used 28 times in the motion to dismiss" and "three times in the order granting the motion to dismiss;" (2) in the motion, the City Appellees made "numerous references to events that occurred south of the railroad tracks;" and (3) "six exhibits" were attached to the motion to dismiss. The import of Pearce pinpointing these details appears to be to suggest that the trial court improperly considered this information. *Compare Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 61, ¶ 1 (App. 2010) (stating that if a court does not exclude matters outside the pleadings, a Rule 12(b)(6) motion to dismiss must be treated "as a Rule 56 motion for summary judgment and [the court must] allow the plaintiff a 'reasonable opportunity to present' all pertinent material in response") *with Brosie v. Stockton*, 105 Ariz. 574, 576 (1970) (no conversion necessary when extraneous material was "unnecessary to the final outcome"). While the court expressly relied on the documents in Pearce's compliant, there is no indication or showing that the court considered other documents attached to the motion to dismiss.

**¶14**     Section (d) of Rule 7.1 provides: "Subject to Rule 56(c)(1), the court may decide motions without oral argument, even if oral argument is requested." However, Rule 56(c)(1) applies to summary judgment and states the court must set oral argument, "unless it determines that the motion should be denied or the motion is uncontested." Because the materials the court considered were attached to Pearce's complaint or concessions intrinsic to her complaint, the motion to dismiss needed not be converted to a Rule 56 motion. *See, e.g., Strategic Dev. & Constr., Inc.*, 224 Ariz. at 61-62 (concluding that "[b]ecause the extraneous documents were both matters of public record and the basis of one of the claims in the complaint, . . . the court did not abuse its discretion by granting the motion without permitting the plaintiff an opportunity to respond pursuant to Rule 56"). The court did not err in granting the motion to dismiss without oral argument.

**¶15**     The court dismissed Pearce's complaint for failure to satisfy justiciable controversy requirements. *See Hunt v. Richardson*, 216 Ariz. 114, 125, ¶ 37 (App. 2007) (internal quotation and citations omitted) ("For a court

to grant declaratory judgment, a justiciable controversy must exist. A justiciable controversy exists if there is 'an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party.' The controversy, however, must be real, not merely theoretical."). Because Pearce failed to show she had past or present legal access across the property at the heart of her complaint, and merely speculates regarding obtaining such access at some unspecified time in the future, we affirm the trial court's order granting the motion to dismiss.

## II.    Attorneys' Fees and Costs

**¶16**       The City Appellees request an award of attorneys' fees and costs pursuant to A.R.S. § 12-349 (2016) (frivolous lawsuits), Arizona Rule of Civil Appellate Procedure (ARCAP) 25 (sanctions), and Rule 11 (sanctions). We award them fees pursuant to § 12-349 for the following reasons:[3] First, we agree that the claims were baseless and frivolous. *See Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 615 (App. 1991) (internal quotation and citation omitted) (noting that a claim is frivolous "if [the] proponent can present no rational argument based upon the evidence or law in support of that claim"). We find the injury in frivolity was compounded when Pearce continued to pursue the lawsuit after the opposing party made her aware that it was baseless. Second, the lawsuit is uncivil, asserts scurrilous claims, and meritlessly attacks opposing counsel. Third, as he is not an attorney, the estate's special administrator was not legally authorized to file a reply brief in this court without counsel. *Cf. Byers–Watts v. Parker*, 199 Ariz. 466, 469, ¶ 13 (App. 2001) (non-attorney parent or like fiduciary must be represented by attorney to maintain lawsuit on behalf of child or incompetent person); *see also Hansen v. Hansen*, 7 Cal. Rptr. 3d 688, 691 (Cal. Ct. App. 2003) (non-lawyer representing mother's estate as personal representative could not appear *in propria persona* for estate outside probate proceedings); *In re Marriage of Kanefsky*, 260 P.3d 327, 329–30 (Colo. App. 2010) (non-lawyer conservator could not represent party in divorce action without attorney).

**¶17**       We additionally grant the City Appellees' request for an award of taxable costs contingent upon their compliance with ARCAP 21, and in an amount to be determined.

---

[3]      In assessing fees under A.R.S. § 12-349, a court shall set forth enough specific reasons for an award so a reviewing court may test the judgment's validity. *Rogone v. Correia*, 236 Ariz. 43, 50, ¶ 22 (App. 2014) (citing A.R.S. § 12-350).

**CONCLUSION**

¶18　　　For the foregoing reasons, we affirm the trial court's order granting the City Appellees' motion to dismiss Pearce's lawsuit requesting declaratory judgment and mandamus action.

