NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

CAROL JEAN EDMONDS, trustee of the CJE Living Trust

Dated October 1, 2007, *Plaintiff/Appellant*,

*v.*

LSREF2 COBALT (IL), LLC, a Delaware limited liability company;

LSREF2 COBALT (AZ), LLC, a Delaware limited liability company,
*Defendants/Appellees*.

No. 1 CA-CV 18-0772
FILED 11-5-2019

Appeal from the Superior Court in Mohave County
No.  L8015CV201607192
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Jaburg & Wilk PC, Phoenix
By David L. Allen, Nichole H. Wilk
*Counsel for Plaintiff/Appellant*

Quarles & Brady LLP, Phoenix
By Isaac M. Gabriel, Hannah R. Torres
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

**¶1**        Carol Jean Edmonds, as trustee of the CJE Living Trust dated October 1, 2007 ("Edmonds"), appeals the superior court's order dismissing her claims for declaratory judgment and quiet title. For the following reasons, we affirm.

## BACKGROUND

**¶2**        Nace Land & Cattle Company, Inc. ("Nace Land"), owned several parcels of land in Mohave County for the purpose of developing a project known as Arizona Gateway. The project was subject to a deed of trust in favor of ALC Financial Corporation, a Minnesota Corporation ("ALC"). On November 12, 2008, Edmonds purchased one of the Arizona Gateway parcels ("Property") from Nace Land for $435,000 and received title through a warranty deed. As part of the escrow, Chicago Title Insurance Company forwarded payoff funds to ALC, but ALC neglected to release the lien attached to the Property.

**¶3**        The deed of trust was ultimately assigned to LSREF2 Cobalt (AZ), and a notice of trustee's sale was recorded in September 2014. Unbeknownst to Edmonds, the planned sale included the Property. The sale was conducted in December 2014, and LSREF2 Cobalt (AZ) acquired title to the Property after submission of its credit bid.[1] After discovering that she no longer owned the Property, Edmonds filed a lawsuit in 2016, alleging claims for breach of contract/warranty, unjust enrichment, and breach of the covenant of good faith and fair dealing against Nace Land; failure to release a lien and negligence against ALC; and negligence, breach of fiduciary duty, breach of contract, and breach of the covenant of good faith and fair dealing against Chicago Title. Edmonds did not record a

---

[1]        Unless otherwise noted, we refer to LSREF2 Cobalt (AZ), LLC, and LSREF2 Cobalt (IL), LLC, collectively as "Cobalt."

notice of lis pendens, and in January 2018, LSREF2 Cobalt (AZ) sold the Property to 9540, L.L.C.

¶4        Edmonds was granted leave to amend her complaint in March 2018.  The amended complaint alleged six counts against Cobalt: failure to release a lien, negligence, wrongful foreclosure, declaratory judgment, quiet title, and filing a false lien.  Edmonds did not name, 9540, L.L.C. (the current owner of the property), as a defendant.

¶5        Cobalt filed a motion to dismiss all six counts alleged against it, asserting that each count failed as a matter of law under Arizona Rule of Civil Procedure, ("Rule") 12(b)(6).  Cobalt argued in part that the quiet title count must be dismissed because it no longer owned the Property nor did it claim any right or interest in the Property.

¶6        As relevant here, the superior court dismissed each of the claims alleged against Cobalt except for the quiet title claim.  The court gave Edmonds the opportunity to further amend the complaint to include the allegation that she did not receive notice of the trustee's sale, but she did not seek permission to amend.  The court then dismissed the quiet title claim and issued a final order of dismissal pursuant to Rule 54(b).  Edmonds timely appealed.

## DISCUSSION

¶7        We review de novo the grant of a motion to dismiss a complaint under Rule 12(b)(6).  *Zubia v. Shapiro*, 243 Ariz. 412, 414, ¶ 13 (2018).  In reviewing a trial court's decision to dismiss a complaint for failure to state a claim, we assume the facts alleged in the complaint are true and will affirm the dismissal only if the plaintiff "would not be entitled to relief under any interpretation of the facts susceptible of proof."  *Id.*[2]  We

---

[2]        Cobalt's motion to dismiss included four exhibits: the ALC deed of trust held as a lien on the Property; the warranty deed showing LSREF2 Cobalt (AZ) conveyed the property to 9540, LLC; the notice of trustee's sale; and the corrective recording of LSREF2 Cobalt (AZ)'s warranty deed.  Because the exhibits are matters of public record, the superior court could properly consider the motion to dismiss without converting it to a summary judgment motion.  *See Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶ 13 (App. 2010) (explaining that "a Rule 12(b)(6) motion that presents a document that is a matter of public record need not be treated as a motion for summary judgment.").

will affirm the court's ruling if it is correct for any reason. *Dube v. Likins*, 216 Ariz. 406, 417, ¶ 36 n. 3 (App. 2007).

**¶8**         On appeal, Edmonds challenges only the superior court's dismissal of Count 13 (declaratory judgment) and Count 14 (quiet title). LSREF2 Cobalt (AZ) was the entity that submitted a credit bid at the trustee's sale, but at the time LSREF2 Cobalt (IL) was actually the named beneficiary of the deed of trust. Edmonds therefore contends that because the credit bid purchaser was not the beneficiary of the deed of trust, the sale is invalid.

**¶9**         Edmonds argues the superior court's dismissal of her declaratory judgment claim was improper because the trustee's sale was invalid. What she fails to acknowledge, however, is that she did not dispute Cobalt's argument that her claim was "simply an alternative method of pursuing the wrongful foreclosure claim." Because the court properly recognized that wrongful disclosure is not a cognizable claim under Arizona law, *see Zubia*, 243 Ariz. at 418, ¶ 29, her declaratory judgment claim fails as a matter of law.

**¶10**         Relating to the quiet title claim, Edmonds alleged that because the trustee's sale was "wrongfully done" based on an improper credit bid by LSREF2 Cobalt (AZ), she is "entitled to ownership of the Property." She requested that the superior court declare that LSREF2 Cobalt (AZ) has no estate or interest in the Property at issue and that the deed of trust issued to LSREF2 Cobalt (AZ) is null and void. Relying on those allegations, she argues on appeal that because "the sale was held in contradiction to the statutory procedure it is invalid." Cobalt counters, *inter alia*, that the quiet title claim was properly dismissed because Cobalt has no ownership interest in the Property.

**¶11**         A quiet title action may be brought against any person who claims an interest in real property. A.R.S. § 12–1101. In such an action, a plaintiff requests that a "defendant be barred and forever estopped from having or claiming any right of title to the premises adverse to the plaintiff." A.R.S. § 12–1102(5).

**¶12**         Edmonds does not dispute that (1) more than three months before she filed her amended complaint, LSREF2 Cobalt (AZ) conveyed the Property to 9540, L.L.C. and (2) Edmonds did not record a notice of lis pendens, which would have alerted any potential buyer of the pending litigation. *See* A.R.S. § 12–1191(B). Edmonds's quiet title claim fails as a matter of law because the only defendant she named in Count 14 (LSREF2

Cobalt (AZ)) does not claim any right or interest in the Property. Edmonds cannot prevail on a quiet title claim merely by asserting that a trustee's sale error occurred without naming the party who currently owns the Property. *See Steinberger v. McVey ex rel. Cty. of Maricopa*, 234 Ariz. 125, 140, ¶ 65 (App. 2014) ("A plaintiff pursuing a quiet title action must allege he holds title to the property; he cannot seek to quiet title solely based on the alleged weaknesses of his adversary's title."). Simply put, the superior court did not err in dismissing the quiet title claim because Edmonds failed to include any allegations that would permit the superior court to divest the current non-party owner of right, title, and interest in the Property and award Edmonds title to the Property. Thus, we need not address whether the trustee's sale could be deemed invalid based on the credit bid discrepancy.

## CONCLUSION

**¶13**        We affirm the superior court's order granting Cobalt's motion to dismiss and award taxable costs to Cobalt subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA