NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBERT BAYLEY, et al., *Plaintiffs/Appellants*,

*v.*

LUCY E. WEIGER, *Defendant/Appellee*.

No. 1 CA-CV 19-0409
FILED 3-31-2020

Appeal from the Superior Court in Yavapai County
No. P1300CV201700948
The Honorable David L. Mackey, Judge

**AFFIRMED IN PART AND REVERSED IN PART**

COUNSEL

The Adams Law Firm PLLC, Prescott
By Jeffrey R. Adams
*Counsel for Plaintiffs/Appellants*

Hans Clugston PLLC, Prescott
By Hans Clugston
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Diane M. Johnsen[1] joined.

---

H O W E, Judge:

¶1        Robert Bayley and Lu Anne Murphy appeal the dismissal of their complaint against Lucy E. Weiger individually and as trustee of the Ralph J. Weiger Trust ("Trust"). For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

¶2        In 2015, the Trust listed a home for sale in Prescott, Arizona. Bayley and Murphy purchased the home in December 2015. As part of the sale, Ralph J. Weiger, settlor and trustee of the Trust, signed and delivered a Seller's Property Disclosure Statement ("SPDS") that required the Trust to disclose known defects associated with the home that would affect Bayley and Murphy's decision to buy. In response to specific questions in the SPDS, Ralph Weiger did not disclose that the home had issues with flooding or water damage. Shortly after signing the home purchase contract and SPDS, Ralph Weiger died and his daughter, Lucy Weiger ("Weiger"), became the successor trustee and completed the sale of the home. After moving into the home, Bayley and Murphy noticed water leaking into the home through windows and skylights after snow fell.

¶3        In December 2017, Bayley and Murphy sued Weiger individually and as trustee of the Trust, alleging various contract and tort claims. Weiger moved to dismiss the complaint against her as trustee for failure to state a claim upon which relief could be granted. *See* Ariz. R. Civ.

---

[1]        Judge Johnsen was a sitting member of this Court when the matter was assigned to this panel of the Court. She retired effective February 28, 2020. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12–145, Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office.

P. ("Rule") 12(b)(6). Weiger argued that she was not liable for distributing the Trust property under A.R.S. § 14–10604(B) and the complaint failed to state a claim because it did not allege that a judicial proceeding contesting the validity of the Trust was pending or that the trustee was notified in writing of a possible judicial proceeding that was commenced within 60 days after the notification was sent.

¶4　　　Weiger also moved to dismiss the complaint against her individually because she was not a party to the purchase contract or the SPDS. Weiger argued that she could not be personally liable because the trustee's fiduciary capacity was disclosed under A.R.S. § 14–11010(A). Weiger further argued that the complaint did not allege that she was personally at fault for the alleged misrepresentations in the SPDS, as required under A.R.S. § 14–11010(B).

¶5　　　Bayley and Murphy responded only to Weiger's motion to dismiss the complaint against her as trustee of the Trust. After oral argument, the trial court granted Weiger's motion to dismiss the complaint against her individually. The trial court allowed Bayley and Murphy to amend their complaint to address whether Weiger was notified of a possible judicial proceeding under A.R.S. § 14–10604(B).

¶6　　　Bayley and Murphy amended their complaint to allege that they notified Weiger of the water leaks and filed a demand for notice in Yavapai County Superior Court that was sent to Weiger. The trial court found that the amended complaint was insufficient and that future amendments would be futile. The trial court therefore dismissed the complaint against Weiger as trustee of the Trust. Bayley and Murphy timely appealed.

**DISCUSSION**

¶7　　　Bayley and Murphy argue that the trial court improperly dismissed the complaint against Weiger as trustee of the Trust under A.R.S. § 14–10604(B) because that statute is inapplicable. We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Swenson v. Cty. of Pinal*, 243 Ariz. 122, 125 ¶ 5 (App. 2017). In reviewing a dismissal for failure to state a claim, we assume the well-pled facts are true and indulge all reasonable inferences from those facts. *Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 9 (2012). We will affirm the dismissal if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible to proof. *Fidelity Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998).

**¶8**　　　　　On the death of a settlor of a trust that was revocable at the settlor's death, a trustee is not subject to liability for distributing trust property unless either (1) "[t]he trustee has actual knowledge of a pending judicial proceeding contesting the validity of the trust" or (2) "[a] potential contestant has notified the trustee in writing of a possible judicial proceeding to contest the trust" and such proceeding is commenced within 60 days of the notification. A.R.S. § 14–10604(B).

**¶9**　　　　　Bayley and Murphy's claims against Weiger as trustee are not barred by A.R.S. § 14–10604(B) because that statute is inapplicable here. Section 14–10604(B) applies when the validity of a trust is challenged and protects a trustee from liability for distributing trust property unless he or she is aware that the validity of the trust is being challenged. Because Bayley and Murphy are not challenging the validity of the Trust, § 14–10604(B) does not apply. As a result, the trial court erred by dismissing the complaint against Weiger as trustee.

**¶10**　　　　Bayley and Murphy argue next that the trial court erred by dismissing the complaint against Weiger individually. A court may summarily grant a motion if the opposing party does not file a response. Ariz. R. Civ. P. 7.1(b)(2). Bayley and Murphy did not respond to Weiger's motion to dismiss their claims against her individually. As a result, the trial court had discretion to summarily grant Weiger's motion to dismiss. *See Strategic Dev. & Const., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65 ¶ 17 (App. 2010).

**¶11**　　　　Nonetheless, Bayley and Murphy argue on appeal that they alleged facts sufficient to support the claims against Weiger individually. A trustee is not personally liable on a contract that the trustee entered into in his or her trustee capacity if the trustee disclosed the fiduciary capacity. A.R.S. § 14–11010(A). A trustee is not personally liable for torts committed while administering a trust unless "the trustee is personally at fault." A.R.S. § 14–11010(B).

**¶12**　　　　The complaint fails to state a claim for which relief can be granted against Weiger individually on the contract claims. Weiger attached copies of the home purchase contract and the SPDS to her motion to dismiss.[2] The home purchase contract listed the Trust as the seller and

---

[2]　　　This Court may consider documents attached to the motion to dismiss if they are central to the claim without converting the motion to dismiss to a motion for summary judgment. *ELM Retirement Ctr., LP v. Callaway*, 226 Ariz. 287, 289 ¶ 7 (App. 2010).

was signed "Ralph J. Weiger Trust." The SPDS also listed the Trust as the seller and was signed "Ralph J. Weiger." Weiger signed neither the home purchase contract nor the SPDS, although she concedes on appeal that because her father died shortly after he signed the SPDS, she was trustee of the Trust when the home purchase contract was completed. Nevertheless, because the home purchase contract and SPDS disclose the Trust as the seller and the trustee's fiduciary capacity, Weiger cannot be personally liable on the contract. *See* A.R.S. § 14–11010(A). Therefore, with regard to the contract claims, the complaint fails to allege facts sufficient to state a claim for which relief can be granted against Weiger individually.

¶13 Likewise, the complaint fails to allege facts sufficient to state tort claims for which relief can be granted against Weiger individually. The complaint alleges that Weiger had an obligation to disclose known defects to Bayley and Murphy under the SPDS and failed to disclose those known defects. The complaint does not allege facts to support any personal obligation by Weiger to disclose known defects in the home or that she was personally at fault for failing to disclose any known defects. *See* A.R.S. § 14–11010(B). Therefore, the trial court properly granted Weiger's motion to dismiss the claims against her individually.

**CONCLUSION**

¶14 For the foregoing reasons, we affirm in part, reverse in part, and remand for further proceedings. Because each party prevailed in part, we exercise our discretion and decline to award either party their attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED:  AA